JULIA M. GREGORY, PLAINTIFF IN ERROR, v. LANCAS-
TER COUNTY BANK, DEFENDANT IN ERROR.

**Ejectment:** ACTION QUIA TIMET. When real estate is in the ac-
tual possession of another, the proper remedy to recover posses-
sion is by an action of ejectment. But if a plaintiff out of pos-
session brings an action to quiet title and sets up the proceedings
by which he acquired title, and asks to have the same confirmed
and quieted, and the defendant answers in the same manner,
both parties submitting their title to the court for adjudication,
a decree confirming the plaintiff's title will be valid; and it is
too late after judgment to object to the mode of procedure.

ERROR to the district court for Lancaster county. Tried
below before POUND, J.

*John S. Gregory,* for plaintiff in error.

*Walter J. Lamb,* for defendant in error.

MAXWELL, J.

This is an action in equity brought in the court below
by the defendant in error against the plaintiff to quiet the
title to certain real estate in the city of Lincoln. One
Luke Lavender is the common source of title, and both
parties claim title under sales upon execution of the inter-
est of said Lavender. The case was referred by consent to
a referee, who found all the issues in favor of the defend-
ant in error. Exceptions were filed to the report, which
were overruled, and a decree rendered confirming the re-
port. The testimony tends to show that the plaintiff in
error was in possession of the premises, and the defendant
out of possession, and it is claimed that therefore the action
cannot be maintained. There is no doubt that the proper
remedy of a party out of possession of real estate and hold-
ing the legal title to the same is ejectment. He, as well

as the party in possession, is entitled to two trials and to a jury, to determine the facts. But the right to trial by jury or to a second trial is a personal privilege that may be waived. If the plaintiffs in error had filed an answer alleging that the defendant in error was not in possession of the premises, and that the plaintiffs in error were in possession, and denying the right of the defendant in error to proceed in equity, it is probable the defendant in error would have been required to amend its petition and proceed at law. But instead of this we find that the plaintiffs in error have set up in their answer all the steps in the proceedings by which they acquired title, and the court was in effect asked to enter a decree that their title was paramount and superior to that of the defendant in error. That the court had jurisdiction in such case there can be no doubt.

II. The judgment under which the defendant in error derives title was docketed in the office of the clerk of the district court of Lancaster county on the 5th day of August, 1873, while that under which the plaintiffs in error claim title was docketed on the 7th day of July, 1874. The lien of the defendant's judgment, therefore, was prior to that of the plaintiffs in error, and it acquired the title by a sale on execution issued on the judgment. The attorney for the plaintiffs in error claims that an injunction was obtained by Lavender against the judgment under which the defendant in error claims title, but the record shows the action was dismissed before judgment, and it does not enter into the case. There is no error in the record available to the plaintiff in error. The judgment must therefore be affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.