## CELINA BELLE BLAKE ET AL., APPELLANTS, V. JAMES H. McMURTRY ET AL., APPELLEES.

1. **Mortgage Foreclosure:** VACATING DECREE: JURISDICTION. In a proceeding for the foreclosure of a mortgage to which the grantor of plaintiff in this action was a party, she answered that she was the owner in fee simple of five acres of the eighty acres upon which the foreclosure was sought, and that her ownership was by virtue of a warranty deed executed by the mortgageor to her grantor, and of record prior to the execution of the mortgage. By agreement of all the other parties to the action a decree of foreclosure was rendered, finding that her land was not subject to the mortgage. The decree was rendered November 12, 1879. More than one year after that time the parties to the action, excepting that defendant, agreed that the decree might be vacated and the cause reinstated. The plaintiff therein was given leave to file an amended petition—new pleadings being filed by all the parties to the agreement to vacate the decree. On the 25th day of June, 1881, a new decree was rendered, by which the real estate was declared subject to the mortgage, which was foreclosed, and the land ordered to be sold. Neither said defendant nor her attorneys, nor any agent of hers, was notified of these latter proceedings, and she had no knowledge of them. It was *Held*, That the district court had no jurisdiction, as against her, to enter the last decree, and as to her it was void, the first decree remaining in full force.

2. ———: ———: APPEAL. In such case, where a defendant, agreeing to the re-instatement of the cause, took an appeal from said decree to the supreme court, but no notice thereof was given to her, and she made no appearance in the supreme court, having no knowledge of the last decree by the district court, nor of the appeal therefrom to the supreme court, the supreme court acquired no jurisdiction over her, and could make no decree prejudicially affecting her rights.

3. ———: SALE: AGREEMENT OF ATTORNEYS: INJUNCTION. Where an order of sale was issued upon the said second decree rendered by the district court, and upon the real estate being advertised for sale plaintiff became aware for the first time that a decree had been rendered ordering the sale of her land, whereupon she employed an attorney to enjoin such sale, who prepared a petition for an injunction, setting up all the facts of the case, and which would entitle her to

relief, and presented the same to the judge of the district court, who allowed a preliminary injunction, fixing the penalty of the bond to be given, but instead of instituting the suit, said attorney exhibited the petition and order of the judge to the attorney for the plaintiff in the foreclosure proceedings, who admitted plaintiff's right, but at his request the sale was allowed to take place in accordance with the decree, upon the promise that he would bid in the property and reconvey to plaintiff the five acres belonging to her, and upon such sale he did bid in the property and immediately executed the contract to convey, which contract is set out in full in the opinion, but before the confirmation of sale and execution of the sheriff's deed, entered into negotiations with the defendant for the sale of the property to him, and of which he advised plaintiff's attorney, who, prior to the purchase by defendant, notified defendant of plaintiff's rights, when defendant agreed that if he purchased he would execute the written contract made by the purchaser at judicial sale, and upon such agreement the confirmation was allowed to take place unresisted, it was *Held*,

1.   That even though a specific performance of a contract to convey real estate might not be enforced where the vendor had no title at the time the contract was made, yet said written contract having been made after purchase, in pursuance of the previous agreement, and by which plaintiff had been induced to forego her injunction suit, the maker of such contract and those claiming under him with notice thereof, and of plaintiff's rights, would not be heard to assert its invalidity.

2.   That said contract was supported by sufficient consideration.

3.   That had no such contract been made, defendant having purchased with full knowledge, both actual and constructive, of plaintiff's rights, she was entiled to the relief demanded in her petition.

APPEAL from the district court of Lancaster county. Heard below before CHAPMAN, J.

*Sawyer & Snell*, for appellants, cited: *Parker v. Enslow*, 102 Ill., 272. *Dunham v. Griswold*, 100 N. Y., 224. *Young v. French*, 35 Wis., 111. *Bank v. Geary*, 5 Peters, 114. *Boyce v. Berger*, 11 Neb., 399. *Scott v. Scott*, 2 Central Rep., 800. *Skinner v. Reynick*, 10 Neb., 323. *Forgy v. Merryman*, 14 Neb., 513.

*J. S. Gregory*, for appellees, cited : *Nill v. Comparet,* 16 Ind., 107. *Burton v. Burton*, 28 Ind., 342. *Sage v. Harpending*, 49 Barb., 174. *Brueggeman v. Jurgensen*, 24 Mo., 87. *Shields v. Trammell*, 19 Ark., 51. *Jefferies v. Jefferies*, 117 Mass., 184. Martindale's Law of Conveyancing, Sec. 29, p. 29. *Bayliss v. Williams*, 6 Cold., Tenn., 440.

REESE, CH. J.

The petition in this case alleges that, on the 25th day of April, 1872, John S. Gregory, Sr., who is now deceased, was the owner of the five acres of land in question, and that he and his wife (Wealthy B. Gregory) conveyed it to Reuben R. Tingley, by warranty deed ; that afterwards, Tingley conveyed it to Hannah L. Tingley, by warranty deed, and that she sold the same to Mary Thorne, by written contract, and that said Mary Thorne afterwards assigned and transferred said contract to plaintiff. Hannah Tingley died February 18, 1882, never having made the deed, and J. R. Webster, who was the administrator of her estate, was, on the 28th day of May, 1883, ordered by the district court of Lancaster county, in an action then pending therein for that purpose, to make the conveyance to plaintiff, which he did on the 30th day of May, 1883 ; and that she now has a title thereto, equal to the title of said Gregory at the time he made the conveyance to Tingley in 1872 ; that since the 11th day of May, 1881, plaintiff has been in the uninterrupted possession of the property, and has made permanent and valuable improvements thereon ; that on the 4th day of January, 1877, said John S. Gregory, Sr., executed a mortgage deed to R. E. Moore, which was followed by the execution of another, to secure certain debts which the Gregorys then owed, but that by mistake the mortgages were so written as to include the land in question, it being a part of the government sub-

division in which the mortgaged land was situated, the description in the mortgage being: "All of the north half of the north-west of section 34 in township 10 north, range 6 east, now owned by the parties of the first part or either of them."

The deed from Gregory and wife to Tingley had, before that time, been duly recorded; that the debts secured by the mortgages not being paid, Moore commenced suit to foreclose said mortgages, making Hannah L. Tingley a party to the action; that on the 12th day of September, 1879, she filed her answer asserting her title. On the same day a decree of foreclosure was rendered by stipulation of the other parties to the action, but which excluded and discharged the five acres owned by her, and which five acres is the land now in dispute. A stay of execution was taken by the Gregorys on the 29th day of November, 1879, and the decree entered, in so far as it affects plaintiff's land, remains in full force. On the 26th day of March, 1881, the plaintiff in that action obtained leave to amend his petition, but no notice of this proceeding was given to Hannah L. Tingley. A time was fixed within which answers could be filed by the defendants in the case, and answers were so filed, and on the 16th day of June, 1881, the case was re-tried, and on the 25th day of the same month another decree was entered for the sale of other lands and the whole of the eighty acre tract, which included the land in question. The Gregorys appealed from that decree, but no notice of the appeal was given her, and she made no appearance therein. It was pending this appeal proceeding that she died. No attempt was made to revive the action against her representatives, and at the July term of 1882, of the supreme court, a final decree was rendered, directing the sale of the whole eighty acre tract, which included the land in question. On the 8th day of April, 1886, the plaintiff in that action caused an order of sale to be issued and placed in the hands of the

sheriff, who sold the same to Frank M. Hall, one of the attorneys of record for the plaintiff, and upon confirmation of sale a deed was made to him by the sheriff, and he, Hall, afterwards conveyed to defendant McMurtry. While the order of sale was in the hands of the sheriff, and before the sale, plaintiff, learning of the purpose to sell her land, by her attorney prepared the necessary petition and obtained an order of allowance of an injunction thereon, but at the request of said Hall refrained from instituting the injunction suit; he, Hall, in consideration thereof, and on the day of sale gave the following contract:

"LINCOLN, NEB., August 10, 1886.

" In consideration that Celina Belle Blake, at my request, has not enjoined the sale of the below described five acres, this day, I agree, on confirmation of sale in Moore against Gregory, to convey and quit-claim to her the five acres described as commencing fifty rods south of the north-east corner of the north-west quarter of section 34, Tp. 10 north, range 6 east, thence west forty rods, south twenty rods, east forty rods, north twenty rods, to beginning, a part of lands purchased at sale.

"F. M. HALL,
"*Bidder at Sale.*"

That before McMurtry purchased he had full and actual knowledge of the agreement made by Hall, having seen it, and knew its contents, but now he refuses to make the conveyance; that all the proceedings in that case after the first decree was amended, so far as they seek to affect the five acres in dispute, are void, for the reason that such decree was never annulled, nor notice of the subsequent proceeding, including the appeal, given to Hannah L. Tingley, the then owner of said premises; that plaintiff is entitled to a deed from said Hall and all persons claiming under him having notice thereof, and that said sheriff's deed constitutes a cloud to the title of plaintiff, which impairs its

value, and she is entitled to have her title quieted; that the judgments of foreclosure having been assigned in part to McMurtry, and a part thereof to defendants Crooker and the Gregorys, the prayer of the petition is, that the defendants, McMurtry, Crooker, and the Gregorys, and George W. Downing, one of the judgment creditors, may be enjoined from asserting any claim against the real estate named, and that McMurtry may be decreed to quit-claim and release the same to plaintiff; that the decree be declared void and discharged, and for general relief.

The defendants, McMurtry and E. Mary Gregory, by their answers, admit the conveyance to Reuben R. Tingley, by John Gregory, Sr., and that Reuben R. Tingley conveyed to Hannah L. Tingley; that she conveyed to Mary Thorne, who afterwards sold to plaintiff, and that Hannah L. Tingley died, and the deed was made by her administrator, as alleged in the petition. They also admit the foreclosure proceedings, ending with the deed to Hall, and that Hall conveyed to defendant McMurtry. All other allegations are denied.

For a cross-petition, McMurtry further answers that he is "the owner in fee of the land in plaintiff's petition described, and that his title thereto is derived from a decree of foreclosure of mortgage lien, and order of sale, and sale by the sheriff of Lancaster county, Nebraska, under and by virtue thereof, and by sheriff's deed to one F. M. Hall, and by said F. M. Hall by deed of conveyance to said defendant." Affirmative relief, to the extent that the cloud upon his title caused by the claims of plaintiff be removed and his title quieted, is demanded. Plaintiff's reply is a general denial.

Defendant Crooker answered, disclaiming all interest in the property.

A trial was had, which resulted in a finding and decree in favor of defendant McMurtry. After a general finding for defendant, the decree is, in part, as follows:

"And the court further finds that a decree of foreclosure in favor of Robert E. Moore, trustee, and against Hannah Tingley, was duly entered on the 25th day of June, 1881, by the district court of Lancaster county, Nebraska, covering the land now in controversy, and that the court had full jurisdiction of the said defendant, Tingley, and of the subject-matter, and that afterwards, to-wit, the 8th day of April, 1886, the said Robert E. Moore and his beneficiaries in trust proceeded to have order of sale thereon issued out of the clerk's office of said court, and said land was afterwards duly sold to Frank M. Hall, which sale was afterwards confirmed by the court, and a sheriff's deed was duly issued to said Hall; that the defendant, James H. McMurtry, has since acquired title thereto, by conveyance from said Hall. The court further finds, defendant is not bound by the written stipulations or agreement of F. M. Hall, of which he had notice. Wherefore, it is ordered and adjudged and decreed that plaintiff's petition be and stand dismissed, and that the title of defendant, James H. McMurtry, in and to said land," describing it, "be quieted and set at rest, and that the claim of title of the plaintiffs, and each of them, be declared a cloud upon said defendant's title, and be removed therefrom."

From this decree plaintiff appeals to this court.

From the bill of exceptions, it appears that Hannah Tingley appeared in the foreclosure proceedings, prior to the rendition of the first decree in the district court, and that in the rendition of that decree her rights were fully protected—the land now in question being specially and specifically excepted therefrom, the language of that part of the decree being: "And the court finds that said mortgage is not a lien upon any portion of the following described land (describing it), being five acres of land belonging to Hannah Tingley." This decree was rendered on the 12th day of November, 1879, upon the stipulations

of the other parties to the action, and after her rights had been fully presented by her answer. Nothing further was done in the case until on the 26th day of March, 1881, when leave was given plaintiff to file an amended petition. And in April, 1881, the amended petition was filed. In the meantime, Hannah Tingley had settled with and discharged her attorneys, their receipt showing that fact having been introduced in evidence. On the 25th day of June, 1881, a second decree was rendered, in which the title of Hannah Tingley was found to be junior and inferior of the mortgage, and the decree was then rendered against her. It is shown that no notice of any of this proceeding was given her, that she was in failing health, suffering from a disease of which she subsequently died, and that no notice was given her agent, and no appearance was made by or for her; the record showing that she came not. There is a finding that she was "duly served with summons," but none that she had notice of this subsequent proceeding. It is true that the bill of exceptions contains a copy of an answer filed by her, but it is shown to have been filed on the 21st day of October, 1880, long before these latter proceedings were instituted, and it could not have been an appearance therein. This second decree was taken to the supreme court on appeal, by some of the other defendants, but she had no notice of that proceeding, the record showing that all that was done in that direction was done by the attorneys of the plaintiff in the action, and the appellants in that case, by their attorney, John S. Gregory, Jr. The district court had lost jurisdiction over her, and the supreme court acquired none. Her rights were not affected adversely by the proceedings in either court, notwithstanding, in both, an effort was made to take her land, and the courts, relying, doubtless, on the presumption that the attorneys for the adverse interests had seen to the matter of jurisdiction, entered the decree referred to. Moreover there is nothing in this rec-

ord that shows that the existence of the first decree rendered in the district court was ever brought to the knowledge of the supreme court. We do not hesitate to say that, as to her, the first decree stands in full force, unaffected by any proceedings which were afterwards had. It is shown that plaintiff had no knowledge of the purpose of the plaintiff in the foreclosure proceedings to sell her land, or that it was declared to be subject to sale, until it was advertised to be sold. Her attorney then prepared a petition for an injunction, in which all the facts proved and admitted in this case were alleged, and applied to the judge of the district court for a temporary order of injunction, which was allowed, and the injunction bond fixed at $300. Instead of filing the petition and instituting the suit, he went to the attorney for the plaintiff in the foreclosure proceeding, showed him the petition and order for injunction, when it was conceded by the attorney that the plaintiff was entitled to the relief sought, but he was anxious for the sale to go on as to the remainder of the land, which was admitted to be of sufficient value to satisfy the decree. It was then proposed by said attorney that the sale of all the land should take place, and that he would buy it in, and when he obtained the sheriff's deed, would reconvey plaintiff's land to her. This was agreed to by plaintiff's attorney. At the time fixed for the sale to take place, plaintiff's attorney appeared, and when the land was offered, he publicly read a notice setting forth plaintiff's rights to the five acres. The sale proceeded, and the attorney for the plaintiff in the foreclosure proceedings bid in the whole of the land, and immediately executed the agreement for the reconveyance set out in the petition and hereinbefore copied. The sale was confirmed, and a deed made to the bidder. Pending these proceedings, between the sale and confirmation, the bidder was negotiating a sale or trade of the property to defendant McMurtry, and he so informed plaintiff's attorney, who

informed McMurtry of plaintiff's rights, and of the agreement with Mr. Hall; he also showed him the petition for injunction, and the allowance thereof, and notified him that if he purchased the land it would be subject to the agreement, and to plaintiff's rights, and that unless he carried out Mr Hall's contract he would be liable to suit. He then agreed to execute the deed, but after securing a conveyance, declined to do so.

As we have have seen, the court found that McMurtry purchased with notice of the contract between the attorney, Mr. Hall, and plaintiff's attorney, Mr. Webster. It is also shown, beyond any question, and is undisputed, that he purchased with full notice of plaintiff's rights, and those rights, as we have seen, were unimpaired.

It is contended that, as specific performance of a contract will not be decreed against a vendor who had no title when the contract was made, the contract made by Mr. Hall cannot be enforced. Even admitting the correctness of this rule, which we do not, it can have no bearing upon this case, for the reason that the contract was made after the sale, and that plaintiff had an equity which could not be effected by such sale. This equity she was about to assert, by enjoining the proceedings, but by the agreement she was induced to forego the suit. The principle of estoppel would apply with full force, and if necessary for the protection of plaintiff's rights, plaintiff would be required to relinquish, by the proper conveyance, that which he had obtained thereby.

Again, it is contended that there was no consideration for Mr. Hall's contract. In view of which we have already said, this contention scarcely merits consideration, as it would be wholly immaterial whether a contract were made or not. But, assuming that such contract were necessary, it appears that a claim was asserted by plaintiff, which Mr. Hall conceded to be just. But could it have been so arranged at that time that the remainder of the real estate could be

sold, by excluding plaintiff's land, and a valid title passed thereby, not subject to future attack, it cannot be doubted but that Mr. Hall would have at once agreed to the relin-quishment of plaintiff's land. It was quite questionable as to whether this could be done without involving future litigation. Mr. Hall was the attorney for the plaintiff in the action, and, to some extent, had control of the sale of the real estate. Not wishing to deprive plaintiff of her land, and desiring to avoid any further litigation, he com-promised with plaintiff's attorney, agreeing to the contract, and to see that it was carried out, in consideration of the forbearance of plaintiff to sue. Were such a contract needed, there was ample consideration to support it. *Hull v. Swarthout*, 29 Mich., 249. *Hewett v. Currier*, 63 Wis., 386. *Parker v. Enslow*, 102 Ills., 272.

But, assuming that the contract was void for want of consideration, or, for that matter, that no such contract was ever made, we find that Hall purchased the land at sheriff's sale, with full notice, both actual and constructive, of plaintiff's rights, they having been of record since prior to the execution of the mortgage then being foreclosed. Before the execution of the sheriff's deed to Mr. Hall, defendant McMurtry was charged with the same notice. He was informed of all the facts, had seen the petition for an injunction, which detailed them at length, and not only had notice, but agreed to convey the property in dispute to plaintiff, in consideration of her rights. This agree-ment, while, perhaps, not furnishing a basis for this suit, was a clear recognition of her right to the property, and showed, beyond all question, his knowledge. But it is in-sisted that the agreement made by Mr. Hall "was obtained by false representations of existing facts, without consid-eration paid or promised, and by public statements of facts which were not true, and under threat of enjoining the enforcement of the decree, which was in every respect regular, and the final outcome of which injunction could

only be vexatious delay, cost, and annoyance to defendant." We have examined the record carefully, and are unable to find a single misrepresentation of fact; but, upon the contrary, that every representation made has been proven, by the record and oral testimony, which is uncontradicted, to be true.

We presume that the decree in the district court was entered by the learned judge thereof upon the theory or belief that Hannah Tingley had entered an appearance in the proceeding had in 1881, by which the former decree was set aside and the new one entered. We can readily see how the court might have been misled by the presentation of the answer hereinbefore referred to, and had such been the fact, it is quite possible that the decree would have to be affirmed. But, upon a careful inspection of the record, it is found that this belief was not sustained by the facts.

The decree of the district court will therefore be reversed, and a decree will be entered in this court in accordance with the prayer of plaintiff's petition, and her title quieted.

DECREE ACCORDINGLY.

THE other judges concur.