HENRY A. HOMAN ET AL. V. MARIA HELLMAN,
EXECUTRIX.

[FILED OCTOBER 26, 1892.]

1. **Action to Quiet Title:** AMENDING PETITION TO STATE CAUSE
   OF ACTION IN EJECTMENT. An action was brought by a party
   out of possession to quiet and confirm his title to real estate. In
   his answer the defendant made the objection that the action would
   not lie, and the court sustained the objection; thereupon the
   court permitted the plaintiff, upon payment of all costs, to amend
   his petition to state a cause·of action in ejectment *Held*, No
   error.

2. **Practice:** AMENDMENT OF PLEADINGS. So long as the subject
   of the action remains substantially the same, an amendment
   may be permitted to adapt the relief to the facts relied upon for
   a recovery.

3. **Judgments:** MODIFICATION WITHOUT NOTICE VOID. A decree
   foreclosing a mortgage upon real estate is a final judgment upon
   which the parties to the suit may rely, and any change therein
   or modification thereof without lawful notice, particularly after
   the term at which it was rendered, is null and void.

ERROR to the district court for Douglas county. Tried
below before HOPEWELL, J.

*Hall & McCulloch*, for plaintiffs in error:

Where decree has once been entered, no supplemental
order can be made without notice, and the findings in the
original decree are conclusive upon the parties thereto.
(*Mulvey v. Carpenter*, 78 Ill., 586; *Blake v. McMurtry*, 25
Neb., 291; *Symns v. Noxon*, 29 Id., 404.)

*H. D. Estabrook*, and *Irvine & Clapp*, contra:

The amendment of the petition did not change the ob-
ject of the action, which was the enforcement of plaintiffs'
right to the land. It has been the practice of this court to
permit such amendment. (*McKeighan v. Hopkins*, 14 Neb.,

361; S. C., 19 Id., 33; *Gregory v. Lancaster County Bank*, 16 Neb., 411.) The proceedings on which supplemental order was obtained in foreclosure suit were regular: First —Because the court still retained jurisdiction of the case. Decree of foreclosure is not such a final decree as removes the case from the docket. Court retains jurisdiction to carry decree into effect, as well as to determine rights reserved, and complete the foreclosure in accordance with those rights. (*Brinckerhoff v. Thallhimer*, 2 Johns. Ch. [N. Y.], 486; *Coffey v. Coffey*, 16 Ill, 141; *Sessions v. Peay*, 23 Ark., 39; *Suffern v. Johnson*, 1 Paige [N. Y.], 450; *Boone v. Clark*, 21 N. E. Rep.' [Ill.], 850.) Second—Court may order execution of deed, already ordered years before, .where the former order was not complied with. (*Lamb v. Sherman*, 19 Neb., 688.) Third—The mortgagee is shown affirmatively to have received notice of the proceeding. Fourth—The court was one of general jurisdiction, and it is presumed all acts were done necessary to confer jurisdiction. (*Hilton v. Bachman*, 24 Neb., 490; *Seward v. Didier*, 16 Id., 58; *Hastings Sch. Dist. v. Caldwell*, 16 Id., 72; *Saxon v. Cain*, 19 Id., 491; *O'Brien v. Gaslin*, 20 Id., 347.)

MAXWELL, CH. J.

In March, 1887, the defendant in error brought an action in the district court of Douglas county against the plaintiffs in error to remove a cloud and quiet the title to the northwest quarter of the northeast quarter of section 34, township 16 north, of range 13 east, in Douglas county. An amended answer was filed by the defendant below in which he alleged that the plaintiff below was not in possession of the land, and therefore could not maintain an action to quiet title, and the court so held. The plaintiff below thereupon asked leave to amend his petition so as to bring the action in ejectment. This leave was granted upon the payment of all costs; and this is the first error complained of.

·There was no error in permitting the amendment. In *McKeighan v. Hopkins,* 14 Neb., 361, and the same case, 19 Neb., 33, an action was brought in ejectment and an amendment permitted to make the action one to redeem. To the same effect, *Gregory v. Lancaster Co. Bank,* 16 Neb., 411. These cases were decided upon the theory that so long as the action relates to the same thing the form may be changed so as to adapt the relief to the facts proved. It is true that under the common law and chancery practice such an amendment would not have been allowed, but under the Code, so long as the identity of the subject of action remains substantially the same, the form of the remedy may be changed. (*Robinson v. Willoughby,* 67 N. Car., 84; *Bullard v. Johnson,* 65 Id., 436; *Roberts v, Swearingen,* 8. Neb., 363; *Caldwell v. Meshew,* 13 S. W. Rep. [Ark.], 761; *Barnes v. Hekla Ins. Co.,* 39 N. W. Rep. [Ia.], 122; *Esch v. Home Ins. Co.,* 43 Id. 229; *Argersinger v. Levor,* 54 Hun [N. Y.], 613; *Gourley v. St. L., etc., Ry. Co.,* 35 Mo. App., 87; Maxw., Code Pl., 578.)

Second—It appears from the record that in August, 1857, an instrument was executed, purporting to be a deed of the Florence Land Company for the northeast quarter of section No. 34, in township 16 north, of range 13 east, containing 160 acres, which was pre-empted by John Seltzer, on which was laid land warrant No. 30,908 in the name of John S. Mink, and by the said John Seltzer conveyed to the Florence Land Company. This deed is signed by Philip C. Chapman and attested by James C. Mitchell, and is acknowledged. This deed, although absolute in form, was, in fact, a mortgage, and in February, 1860, Parker brought an action against the Florence Land Company to have the deed declared a mortgage and foreclosed; and a decree was entered as prayed for in the petition, and a deed executed to Parker on the 20th of July, 1860, by one J. G. Chapman as master in chancery.

On the 26th of March, 1858, the Florence Land Com-

pany gave a promissory note to James G. Megeath, and in October, 1859, he brought suit thereon, and recovered a judgment July 6, 1860; and on the 22d of September, 1863, an execution was duly issued on the judgment, and the land in controversy sold to Charles H. Brown, who afterwards conveyed to Joseph Megeath, who conveyed to Homan & Bingham.

In 1868 Parker sold 160 acres of land, including that in controversy, to George W. Forbes, who gave a purchase money mortgage to Parker. In May, 1876, Parker brought an action to foreclose the mortgage, and Lucinda Randolph, who had purchased the forty acres in controversy, was made a defendant with some twenty others, the general allegation as to their interests being as follows:

"The said plaintiff also says that the said defendant Forbes has not paid the taxes levied and assessed against the said premises, but has suffered the same to become delinquent, and that the said premises, or a portion thereof, have been sold for taxes.

"The said plaintiff also says that the other defendants herein named have, or claim, some interest in, or lien upon, the said premises, or some portion thereof, either by purchase or by mortgage or judgment liens, or otherwise, but of the exact nature or extent of the said interest or liens, the said plaintiff is not advised, but plaintiff alleges that the said interests or liens of whatever kind or nature were all acquired subsequent to the execution and recording of the said mortgage to the said plaintiff hereinbefore described, and are subject thereto."

In its decree the court found that Parker had redeemed the northeast quarter of the southwest quarter of section 34, and paid therefor the sum of $184.32, and found the amount due on the mortgage to be the sum of $2,966.67. The court, after directing the sale of a portion of the mortgaged premises, rendered a decree as follows:

"And the court further finds that since the execution

of the said mortgage the said Forbes has suffered a portion of the said lands in said petition described, to-wit, the northwest quarter of the northeast quarter of the said section 34, to be sold for taxes, and that the time for the redemption of the same having expired, a deed was made to the purchaser at said tax sale for said lands by the county treasurer of said county, and that the said purchaser now holds the tax title to said lands.

"And the court further finds that since the execution of said mortgage the said Forbes has sold and conveyed to different purchasers, and at different times, portions of the said lands in said mortgage described, designating the same as lots in said Forbes's subdivision of the southwest quarter of said section 34, and that the said portions so sold were designated and conveyed in the following order to-wit:

"First—Lots 5 and 6 in said subdivision, to A. Rosenberry, March 24, 1869.

"Second—Lot 4 in said subdivision, to Darius Pearce, April 5, 1869.

"Third—Lot 3 in said subdivision, to John H. Burnett, November 16, 1871.

"Fourth—Lot 8 in said subdivision, to Mortimer A. McCoy, August 14, 1872.

"Fifth—Lot 7 in said subdivision, to J. W. Dorsey, March 8, 1873.

And the said Forbes still holds the legal title to lots 1 and 2 in said subdivision, and also to the northeast quarter of the southwest quarter of said section 34.

"It is therefore ordered and adjudged that the said defendant George W. Forbes do, within twenty days from this date, pay to the said plaintiff the said sum of $2,966.67, the amount so found due upon said note and mortgage herein, and the further sum of $248.32, the sums paid to redeem said lands from sales for taxes as aforesaid, with interest on all of said sums from the first day of this term and the costs of this suit, and that in default thereof the

said land in the petition be sold by the sheriff at the time of said county of Douglas, and that in making said sale the said sheriff observe the subdivision into lots which has been made by the said Forbes of the northwest quarter of the southwest quarter of said section 34, township 16, range 13 east, and that the sale of said lots and lands be made in the following order:

"First—The northeast quarter of the southwest quarter of section 34, township 16, range 13, and lots 1 and 2 of Forbes's subdivision of the southwest quarter of said section 34, township 16, range 13, and if the proceeds of the sale of said portions of said lands shall be insufficient to satisfy the amounts hereinbefore found due to the plaintiff with interest and costs, it is further ordered and adjudged that the said sheriff proceed to sell the remaining lots in said Forbes's subdivision of said southwest quarter of said section 34, which are situated in the north half of said southwest quarter of said section, or so many thereof as may be necessary to make the balance which may be still due to the said plaintiff herein, with interest and costs, and that in selling said lots he proceed in the inverse order of said conveyance so made by the said Forbes thereof, commencing with the lot No. 7, sold to the said J. W. Dorsey, being the last lot sold in the order of conveyances, and proceeding in said inverse order to sell so many and no more of said lots as may be necessary to satisfy the balance which may remain due to the said plaintiff, with interest and costs, and that if any surplus should remain therefrom, the said sheriff return the same into court for further order, and out of the proceeds of said sale the said sheriff is ordered to pay," etc.

This decree was entered at the October term, 1877, of the district court of Douglas county. In September, 1880, the attorney of Parker filed the following in the district court:

"District Court, Douglas County, October Term, A. D. 1887.

"JAMES M. PARKER
          v.                    } Decree.
GEORGE W. FORBES ET AL.

"The said James W. Forbes, plaintiff, now comes and represents to the court that all the property described in the decree rendered in the above entitled cause, and therein ordered to be sold, has been sold by the sheriff as required by said decree, and that the total proceeds of said sale were insufficient to satisfy the amount found due to the said plaintiff under said decree and costs.

"Wherefore the said plaintiff prays that a supplementary decree may be entered herein, ordering and directing the sale by the sheriff of the remaining forty acres included in the mortgage given by the said Forbes to plaintiff, described in the original petition, and which was not ordered to be sold in the original decree entered herein, to-wit, the northwest quarter of the northeast quarter of section No. 34, township No. 16, range 13 east, to satisfy the balance remaining due on said decree and costs."

The plaintiff's attorney filed an affidavit that he notified Forbes by letter; that he was then at Deadwood, Dakota, and that Forbes acknowledged the receipt of the letter. No other notice appears to have been given. The court thereupon made the following order:

"This cause coming on to be heard this day on the petition of the said plaintiff for an order directing the sale of the remaining forty acres of land included in the mortgage described in the original petition herein, and the court being satisfied that due notice has been given of this application, and it appearing that there was still remaining due on the first day of this term a balance of $182.28 on the original decree rendered herein, after applying the proceeds of the sale of all the real estate described in the said original decree which was sold thereunder:

"It is ordered that the forty acres of land in said original decree described and which remains unsold, to-wit, the northwest quarter of the northeast quarter of section 34, township 16, range 13 east, be sold by the sheriff at the time of said county of Douglas according to law, and that out of the proceeds of said sale he pay, first, the costs of said sale and of this proceeding; second, the balance remaining due as aforesaid upon said original decree as hereinbefore found, with interest, and that the surplus, if any, he return into court to abide its further order, and that upon the return of said sheriff of said sale and the confirmation thereof the said George W. Forbes and all persons claiming through or under him be forever excluded from all right, interest or equity of redemption in or to said premises above described or any part thereof," and the plaintiff below claims title under this supplemental decree.

Under this decree the land was sold to Ellen P. Forbes, the wife of James Forbes, for the sum of $107, the sale was confirmed and a deed made by the sheriff to her, and afterwards she made a deed for said land to the defendant in error. The court below found the issues in favor of the defendant in error and rendered judgment accordingly.

The defendant below claims title under the sale on the Megeath judgment and a deed from Lucinda Randolph. On the trial of the cause the defendant below offered in evidence a deed from Lucinda Randolph to the plaintiffs in error for the land in question. This was objected to, as being irrelevant, incompetent, and no title having been shown in Lucinda Randolph. The objection was sustained and the deed excluded. In this we think the court erred, but in the view we take of the case it is not material, as the plaintiff below failed to show title in himself. The decree rendered in 1877 was final so far as the rights of persons affected thereby were concerned. Any party deeming himself aggrieved thereby could have appealed to

the supreme court. The plaintiff in error and also Lucinda Randolph could rest upon the decree as rendered until they were notified in some of the modes provided by law for modifying or vacating the same, and any attempt to change it without such notice is a nullity. This question was before this court in *Blake v. McMurtry*, 25 Neb., 290, and it was held that a modification of a decree without notice to a party affected thereby was null and void and of no effect. It is not the policy of the law to conduct proceedings in court secretly or surreptitiously or without notice. To so hold would open the door to gross frauds. There was no authority, therefore, to render the supplemental decree in 1880, and the sale and all proceedings thereunder are void.

There are other errors in the record which need not be noticed. The judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.

THE other judges concur.