OWEN W. COTTON, APPELLEE, V. JOHN S. GREGORY AND OTHERS, APPELLANTS.

1. **Delivery of Deed:** CONDITION: FINDING OF REFEREE IMMATERIAL. A deed deposited as an *escrow* was to be delivered by the depositaries, when *they* should receive a good and sufficient warranty deed of certain property for the grantor. The referee found that: "Plaintiff was never given or tendered any conveyance, sufficient or otherwise," of the property. *Held*, That this finding of the referee was immaterial, inasmuch as the receipt of such conveyance by the depositaries was all that was required by the condition of the deposit.

2. ———: ———. The rule that a fraudulent delivery by or procurement from the depositary of a deed deposited in *escrow* will not operate to pass the title, even in favor of a subsequent purchaser in good faith without notice, will not be carried to the extent of enabling the grantor to recognize the grantee's possession of the instrument as valid for some purposes, and to disclaim it as nugatory for all other, especially when to do so would result in injury to an innocent party.

OWEN W. COTTON brought an action in the district court of Lancaster county against E. Mary Gregory, John S. Gregory, and others, alleging in his petition that in January, 1875, he owned certain lots in the city of Lincoln, and on the twentieth of February following, he and his wife executed their certain "scrowl" or writing, and delivered the same to McMurtry & Gregory to be the deed of Cotton and wife, and to be thereafter delivered to E. Mary Gregory, the grantee in said deed, solely and only upon the performance by the said E. Mary Gregory of the material and future condition of payment by her to the plaintiff of the full consideration for the conveyance of said lots, by the said E. Mary conveying and deeding by a good and sufficient warranty deed to the plaintiff the one-six-

NOTE.—See note to *Patrick v. McCormick, ante* page 1.—REP.

teenth interest and part of a mine in Colorado; that said condition was never performed; yet said McMurtry & Gregory, who held the same merely as an escrow, delivered said deed or writing to E. Mary Gregory, etc.; that on twenty-second day of February, 1875, said deed so wrongfully delivered was filed for record, etc.; that portions of the lots were conveyed by E. Mary to others, but said deed being utterly void none of her grantees nor any other of the defendants who were judgment creditors of E. Mary had any title thereto, etc.

The cause was sent to a referee, whose findings of fact and law, sufficient to an understanding of the case made here, are set forth in the opinion.

A decree was rendered by POUND, J., in favor of Cotton, and the Gregorys appealed.

*John S. Gregory and James E. Philpott,* for appellants.

*Lamb, Billingsley & Lambertson,* for appellee, cited 1 A. K. Marsh., 495. 32 Vermont, 314. 18 New Jersey Eq., 541. 9 B. Mon., 413. 7 Cal., 171. 21 Wis., 458. 17 Maine, 107. 2 Root, 338.

LAKE, J.

None of the evidence on which the referee based his findings of fact is before us, but as no question is made as to its sufficiency to support them, they must be taken as conclusive between the parties. The only subject of present inquiry, therefore, is whether, in view of the facts so found, the referee's conclusions of law, and the decree of the district court thereon, can be sustained.

There can be no doubt, from the facts found by the

referee, that the confidence reposed by the plaintiff in McMurtry and Gregory was much abused by them in dealing with his property intrusted to their management in a manner neither contemplated nor warranted by the arrangement between them. But this fact must not lead to the violation of well established rules of law in redressing the wrong done.

The third fact reported by the referee is that "the condition of the *escrow* was that said deed was to be delivered to the said E. Mary Gregory, grantee, only when a good and sufficient warranty deed of a one-sixteenth interest of and to the Buchanan silver mine of Georgetown, Colorado, should be received by said McMurtry & Gregory for Cotton, the plaintiff."

From whence this mineral interest was to come does not appear. There is nothing to show that it was to be furnished or conveyed by E. Mary Gregory. The inference from what does appear is rather that the firm of McMurtry & Gregory were to procure it from some other source by their own means, and that the conveyance of the lots in question by Cotton to Mrs. Gregory was to be the consideration therefor, and inure to their benefit. It would seem, therefore, that Cotton intrusted his *escrow*, if not to his nominal grantee, at least to the real parties interested therein. And it will be noticed that its final delivery was not dependent upon the receipt of the deed for the interest in the silver mine by Cotton, but by McMurtry & Gregory, his agents, and the parties who had undertaken to obtain it.

As before shown, the plaintiff's *escrow* was to be delivered to the grantee named therein, when McMurtry & Gregory should receive for Cotton a proper conveyance of the mining interest provided for. By the finding of the referee no tender of such conveyance to Cotton was necessary before the *escrow* was

passed over to Mrs. Gregory, so that the *fifth* finding, that "plaintiff was never given or tendered any conveyance, sufficient or otherwise, of any interest in the Buchanan silver mine at any time before the commencement of this action," is wholly immaterial, as McMurtry & Gregory do not appear to have been under any obligation to make such tender. If they had received such conveyance for Cotton, and held it subject to his order, that would have fulfilled the condition of the deposit of the *escrow*. There ought, therefore, to have been a finding upon this point in order to show the defendants in default.

The referee also finds that after the delivery of the deed to E. Mary Gregory one of the lots therein described was sold to one Jacob Zeh, to whom title thereto was conveyed through the deed in controversy. And in reference to this sale and conveyance to Zeh the referee finds that Cotton first learned of it in October or November, 1876; and in December, 1876, McMurtry, one of the firm of McMurtry & Gregory, to whom the deed was intrusted in *escrow*, paid and turned over to plaintiff the proceeds, *which plaintiff received, and retains.*"

From the fact of the receipt of the proceeds of the sale of this lot to Zeh, the referee concludes, very properly, that the plaintiff had notice in December, 1876, of the delivery of the deed to Mrs. Gregory. That he had such notice is abundantly shown also by this other fact found by the referee, viz.: that in "May or June, 1875, and before plaintiff heard of the sale to Zeh, E. Mary Gregory sent by mail to Georgetown, Colorado, where he then was, a deed of re-conveyance of the premises, * * * with warranty of title, which deed plaintiff retained in his possession about two years," when he returned it to her. This return, however, was not until he discovered that

certain incumbrances had been put upon several of the lots while the title was in Mrs. Gregory.

After this notice that the deed was delivered, and having thus recognized it as valid for the transmission of title to Zeh, and to himself, surely Cotton is not in a situation to claim, successfully, that it is void for want of delivery as to other *bona fide* purchasers, without notice of his latent equity in the property. With this view of the case, an inquiry becomes necessary as to the *bona fides* of the claims of other of the defendants, third parties, who by the pleadings are shown to have interests that should be disposed of, and which seem to have been entirely overlooked or disregarded by both referee and court. To determine these interests properly a reformation of the pleadings may be necessary. And holding as we do, that under the facts found by the referee there was a valid delivery of the deed as to innocent third parties, and it being conceded that Mrs. Gregory has already voluntarily made and delivered to the plaintiff a deed of reconveyance of all her interest in the lots, which, for aught that appears, is still available to him, it is exceedingly doubtful whether, without such reformation, any relief whatever could be afforded in this form of action. It may be that he should resort to the covenants of the deed of re-conveyance, or to an action for damages against his agents, McMurtry and Gregory.

While we recognize fully the rule that a fraudulent delivery by, or procurement from, the depositary of a deed deposited as an *escrow* will not operate to pass the title even in favor of a subsequent purchaser in good faith, without notice, still we cannot permit it to go to the extent of enabling the grantor to affirm or recognize the grantee's possession of the instrument as valid for some purposes, and to disclaim it as being

11

nugatory for all other, especially when to do so would result in an injury to an innocent party. For these reasons the judgment must be reversed, and the cause remanded to the court below for further proceedings in conformity herewith.

REVERSED AND REMANDED.