CHARLES F. LYON *vs.* VERNON PROUTY.

Worcester.    September 29, 1891. — October 24, 1891.

Present: ALLEN, HOLMES, KNOWLTON, MORTON, & BARKER, JJ.

*Practice — Exceptions — Evidence — Conversations between Husband and Wife.*

Questions upon which no ruling is asked or exception taken at a trial cannot be considered upon a defendant's bill of exceptions, unless it appears, upon the conceded facts, that there is an objection to the plaintiff's recovery which cannot be removed by further proof, or unless it appears that from a mistake or a misapprehension or misapplication of legal principles the case has resulted in a mistrial.

A conversation between husband and wife in the presence of their daughter, fourteen years old, concerning a matter in which she naturally would be interested and which would be likely to attract her attention, was *held* to be rightly admitted in evidence.

TORT, for seducing the plaintiff's wife. Answer, a general denial. At the trial in the Superior Court, before *Staples*, J., there was evidence that from April, 1883, to April, 1885, the plaintiff and his wife were in the defendant's employ, he as a farm laborer and she as housekeeper; that during that time the plaintiff witnessed various acts of familiarity between his wife and the defendant, but said nothing to the defendant about them; that in May, 1885, the plaintiff left the defendant's employ, assigning as a reason that the defendant had stepped between him and his wife; that in the June following he came to the defendant's house and saw him, and was paid by him his wages; that he then left the defendant's house, leaving his wife there, but taking his daughter, who was then fourteen years of age, with him, and a part of his household goods; that subsequently he sent his daughter back to the defendant's to board, and she remained there with her mother; that thenceforward he had no communication with his wife until the trial; and that the plaintiff's wife was delivered of a child at the defendant's house in October, 1889, and the defendant continued to pay her for her services during the entire time, and from and after her confinement paid the daughter for her services.

The plaintiff was permitted to testify, against the defendant's objection, that when he returned to the defendant's house in June, 1885, he was with his wife in a room adjoining that in which the defendant was, and that, in the presence of his daughter, he then asked his wife to go away with him, but she refused.

The defendant asked the judge to rule, among other things, that, "if the husband and wife were living in a state of separation, the action cannot be maintained because of criminal connection alone"; but the judge refused so to rule, and submitted the case to the jury.

The jury returned a verdict for the plaintiff; and the defendant alleged exceptions.

*T. G. Kent*, (*A. W. Curtis* with him,) for the defendant.

*W. S. B. Hopkins*, for the plaintiff.

MORTON, J. The defendant contends that the evidence relating to the conversation between the plaintiff and his wife should have been excluded, and that the plaintiff connived at

the intercourse between the defendant and the plaintiff's wife, and cannot now recover damages for such intercourse. We do not understand him to rely upon any other grounds for setting aside the verdict. The exception taken to the refusal of the court to rule, as requested by the defendant, that, if the husband and wife were living in a state of separation, the action could not be maintained because of criminal connection alone, has not been argued to us, and we therefore treat it as waived.

1. The answer was merely a general denial. It did not set up connivance. The attention of the court does not appear to have been called during the trial to that ground of defence. No instructions or rulings were asked or exceptions taken concerning it, and the trial appears to have proceeded on wholly different grounds. Even if the question of connivance was open to the defendant under the general denial contained in the answer, it was not raised; and it is well settled that questions upon which no ruling was asked or exception taken at the trial cannot be considered upon a defendant's bill of exceptions, unless it appears, upon the conceded facts, that there is an objection to the plaintiff's recovery which cannot be removed by further proof, or unless it appears that, from a mistake, or misapprehension, or misapplication of legal principles, the case has resulted in a mistrial. *Slater* v. *Rawson*, 1 Met. 450. *Bond* v. *Bond*, 7 Allen, 1. *Draper* v. *Saxton*, 118 Mass. 427. *Goodnow* v. *Hill*, 125 Mass. 587. This case does not come within either of these exceptions.

2. The circumstances surrounding the conversation between the plaintiff and his wife are not very fully disclosed. It does not appear whether the door was open or shut between the room where the plaintiff and his wife and daughter were, and the adjoining room in which the defendant was, nor in what part of the adjoining room the defendant was. For aught that appears, the door might have been opened, and the defendant might have been where he could readily hear what was said by the plaintiff to his wife. In view of what had passed previously between the plaintiff and himself, and the occasion of the plaintiff's being there at that time, and of his going away, this would seem to be not improbable. It does appear, however, that the conversation took place in the presence of the plaintiff's daughter, then a girl of fourteen. The conversation

does not seem to have been of such a character that she could not have heard it. Nothing shows that she would not have been competent as a witness to it. The subject of it was a matter in which she naturally would be interested, and which naturally would attract her attention. There is nothing to show that she was not attending to it. The case differs widely from *Jacobs v. Hesler*, 113 Mass. 157, and we think the testimony was rightly admitted. We do not understand that conversations between husband and wife in the presence and hearing of a third party are to be excluded because confidential. Nothing in this case shows, however, that the conversation was confidential.

*Exceptions overruled.*