CHARLOTTE BUCKINGHAM, APPELLANT, V. JACOB ROAR, ADMINISTRATOR, ET AL., APPELLEES.

FILED MAY 22, 1895.    No. 5642.

1. Witnesses: HUSBAND AND WIFE. Neither husband nor wife can be examined in any case as to any communication made by the one to the other while married, nor shall they after the marriage relation ceases be permitted to reveal in testimony any such communication made while the marriage subsisted. (Code, sec. 332.)

2. ———: ———: EVIDENCE. A husband and wife by their joint deed conveyed certain real estate of the husband to his son. The wife then brought an action against the son and husband to cancel the conveyance, so far as it operated to release her dower interest in the real estate conveyed, on the alleged ground that she was induced to join in said conveyance by misrepresentation and fraud. Held, (1) That the husband was only a nominal defendant and had no interest adverse to the wife in the result of the action; (2) that notwithstanding the husband was made a defendant to the suit the wife was a competent witness in her own behalf; (3) that neither the husband nor the wife could testify as to any conversation which occurred between them with reference to the subject-matter of the suit; (4) that the testimony of the husband which tended to sustain the conveyance was incompetent, being adverse to the interest of the wife.

3. Review: TRIAL TO COURT: ADMISSION OF INCOMPETENT TESTIMONY. Where incompetent testimony is given on the trial of an equity case this court, in reviewing such case on appeal, will presume that such testimony was not considered by the district court.

4. Witness: HUSBAND AND WIFE. Niland v. Kalish, 37 Neb., 47, Skinner v. Skinner, 38 Neb., 756, and Greene v. Greene, 42 Neb., 634, distinguished.

APPEAL from the district court of Saline county. Heard below before HASTINGS, J.

*F. I. Foss* and *J. D. Pope*, for appellant, cited: *Hager v. Reed*, 11 O. St., 626; *American Savings Bank v. Harrington*, 34 Neb., 597.

*Palmer & Hendee, contra*, cited: *Stewart v. Lispenard*, 26 Wend. [N. Y.], 255; *Blanchard v. Nestle*, 3 Den. [N. Y.], 37; *Staples v. Wellington*, 58 Me., 453; *Wamsley v. Crook*, 3 Neb., 350; *Ransom v. Schmela*, 13 Neb., 77; *Magenau v. Bell*, 13 Neb., 248; *Housel v. Cremer*, 13 Neb., 300; *Kimball v. Kimball*, 16 Mich., 211; *Grand Gulf Railroad & Banking Co. v. Bryan*, 8 S. & M. [Miss.], 275; *Kelton v. Hill*, 59 Me., 259; *Hollister v. Young*, 41 Vt., 160.

*Robert Ryan*, also for appellees.

RAGAN, C.

On the 7th day of February, 1891, John Buckingham was the owner of a farm of 240 acres, situate in Saline county, Nebraska, and also the owner of a house and lot in the village of Friend, in said county, on which lot he at that time resided with his family. On said date Buckingham conveyed to his wife the house and lot in the village of Friend, and he and his wife united in a deed of conveyance of the farm to one David T. Buckingham, a son of John Buckingham. Subsequently, David T. Buckingham conveyed eighty acres of the land to his brother Perry E. Buckingham, and another eighty acres to his brother Ira Buckingham. In October, 1891, Charlotte Buckingham, the wife of John Buckingham, brought this suit in the district court of Saline county, making her husband, John Buckingham, and his sons, David T. Buckingham Perry E. Buckingham, and Ira Buckingham, and their wives, defendants. The object of Mrs. Buckingham's action was

to have the conveyance of the 7th of February, 1891, made by herself and husband to David T. Buckingham, set aside in so far as she was concerned. Mrs. Buckingham asked to have this conveyance annulled because she alleged that she was procured to join in the execution of said deed by misrepresentation and fraud. In substance, her statement of the facts in reference to this misrepresentation and fraud is as follows: On the 6th of February, 1891, she and her husband had some trouble; her husband threw her outdoors, she fell on the ice and broke her arm; on the 7th of February, 1891, her husband deeded her the said house and lot in the village of Friend, gave her some notes, amounting to about $400, all in satisfaction and discharge of the injuries she had sustained by reason of the assault made on her by her husband on the 6th of February; that at that time there was a windmill and some other chattels on the lot in Friend which the husband was to have and remove, and he represented to Mrs. Buckingham that in order to obviate all future questions as to the ownership of these chattels she should sign a writing setting out that he was the owner of the chattels and had the right to remove them; and that at the time she signed the deed sought to be set aside she supposed she was signing the writing giving her husband the title and possession to the chattels on said lot. After the action was brought and personal service had upon John Buckingham it appears that he went to Freeport, Illinois, to be treated for cancer, and while there his deposition was taken and filed in this case. Before the case was tried John Buckingham died and one Jacob Roar, his administrator, was, by order of the court and the consent of all parties, made a defendant to the action. The district court found the issues in favor of the defendants and dismissed Mrs. Buckingham's petition, and she has appealed.

It will be seen from the foregoing statement that the only issue of fact involved in this case was and is whether

Mrs. Buckingham, at the time she executed the deed of February 7, 1891, with her husband to David T. Buckingham, knew that she was signing a deed for the 240 acres of land. On the trial Mrs. Buckingham was sworn and testified in her own behalf, and the deposition of John Buckingham was offered in evidence, but the record does not disclose whether the deposition was read. The argument of the appellant here is that we should consider all the. evidence of Mrs. Buckingham in connection with the other evidence in the case, and if this be done that the decree of the district court must be reversed. We cannot stop to quote the evidence in this case, nor any considerable portion of it, and it must suffice to say that if the entire deposition of John Buckingham be excluded from consideration, and the entire evidence of Mrs. Buckingham be considered together with the other evidence in the case, the decree of the district court is still supported by sufficient competent evidence. Mrs. Buckingham was a competent witness for herself in this case. Her action was in effect one brought against the sons of John Buckingham to set aside, so far as she was concerned, the conveyance of herself and husband of the 7th of February. It is true her husband was a nominal defendant to this action, but he had no interest whatever in the result of it. The action did not seek to set aside the conveyance so far as John Buckingham was concerned, nor did he by his answer ask to have that conveyance set aside. We repeat that the only object of the action was to have set aside the release of the dower rights of Mrs. Buckingham in the land resulting from her execution of the conveyance. This statement does not conflict with section 331 of the Code of Civil Procedure, which declares, with certain exceptions, that the husband can in no case be a witness against the wife, nor the wife against the husband, nor with the construction placed on said section in *Niland v. Kalish*, 37 Neb., 47, *Skinner v. Skinner*, 38 Neb., 756, and *Greene v. Greene*, 42 Neb., 634.

On the trial Mrs. Buckingham testified to the communications, conversations, and agreements had between herself and husband on the 7th of February, 1891, just prior to the execution of the deed which she seeks to annul by this action. All this testimony was incompetent. Section 332 of the Code of Civil Procedure provides: "Neither the husband nor wife can be examined in any case as to any communication made by the one to the other while married, nor shall they, after the marriage relation ceases, be permitted to reveal in testimony any such communication made while the marriage subsisted." While therefore we think that section 331 of the Code did not render Mrs. Buckingham an incompetent witness in this case, we are quite clear that all the evidence given by her as to what transpired between herself and husband on the 6th of February and on the 7th of February, just prior to the execution of the deed by them to David Buckingham, was incompetent and should not be considered by us; and we have no doubt that this is the view taken by the district judge, and that he did not consider such testimony in making up his finding. It is argued here by counsel for the appellees that the testimony of Mrs. Buckingham as to the conversations, communications, and transactions between herself and husband immediately preceding and which led up to the conveyance sought to be impeached by this action were incompetent by reason of section 329 of the Code, which provides: "No person having a direct legal interest in the result of any civil action or proceeding, when the adverse party is the representative of a deceased person, shall be permitted to testify to any transaction or conversation had between the deceased person and the witness," etc. But the provisions of this section alone would not preclude Mrs. Buckingham from testifying to the transactions and conversations had between herself and husband, for the reason that the adverse party to Mrs. Buckingham's suit was not her husband's administrator, but his sons.

The husband, John Buckingham, had he been living ·at the time of the trial, could not have testified as to the facts set out in his deposition, as these facts militated against the claims of the wife in this suit; and for that reason the deposition cannot be considered by us, and we presume was not considered by the district court. The decree of the district court is

AFFIRMED.

RYAN, C., not ·sitting.