## S. C. BURLINGIM v. EQUITABLE TRUST COMPANY.

FILED NOVEMBER 4, 1897. No. 7466.

Review: CONFLICTING EVIDENCE. A finding of fact by a district court on conflicting evidence will not be disturbed by this court unless manifestly wrong.

ERROR from the district court of Seward county. Tried below before WHEELER, J.  *Affirmed.*

*Norval Bros.* and *George W. Lowley,* for plaintiff in error.

*Morris, Beekman & Marple,* and *D. C. McKillip, contra.*

HARRISON, J.

It appears herein that the plaintiff in error, during a number of years, commencing probably in the year 1885, was local agent for defendant in error at Seward, engaged in making loans on lands or farms.  During the first months of the year 1892, applications were made to him for two loans,—one in the sum of $800 and one in the sum of $2,000.  The applications were approved.  The coupon notes, or bonds and mortgages, were prepared, and under the supervision of the plaintiff in error were executed, and one of the mortgages was filed for record February 13, 1892; the other, March 16, 1892.  At or about these dates, the notes or bonds and abstracts of titles of the mortgaged lands were forwarded to the defendant in error.  On April 2, 1892, evidently in answer to a letter of inquiry and demand from defendant in error, the plaintiff wrote and sent a letter to the Trust Company in which he stated:

> "S. C. Burlingim, Mortgage Loan Broker,
> "First and Second Mortgage Loans.
>                             "SEWARD, NEB., April 2, 1892.
> "*E. M. Fairfield, Secy., Omaha, Nebr.*—DEAR SIR: Yours of Apl. first received, asking me to send statement of settlement duly executed of Delos P. O'Neal, and also recorded mortgage of O'Neal and Franz, and you say my commission is not payable until papers in these loans are completed.  I wrote you on the 30th in regard to sending in these recorded mortgages and I wrote you that when you sent me my commission in the O'Neal loan I would send you mortgages above stated.  Now I will keep these mortgages until you send me my com.  Yours truly."

On June 8, 1892, C. M. Cowan, located at York, Neb., an examiner of lands for the trust company, by request or order of the company, went to Seward, called on plaintiff in error, and demanded of him the two mortgages in question. To the demand the plaintiff in error replied that he would deliver or send the mortgages to the company when paid his commission for making the loans. He had received the commission on the loan of $800, but had forgotten this fact, hence was claiming it. On the same day of the interview with Cowan the plaintiff in error mailed the mortgages to the company and they were received by it two days later, or on the 10th of the month. Immediately after mailing the mortgages to the company, the plaintiff in error instituted this suit, procuring the summons to be served on C. M. Cowan. This action was brought in the county court. From the judgment an appeal was taken to the district court, where a jury was waived and a trial had to the court which resulted in a judgment favorable to defendant in error. The plaintiff has brought the case to this court for review.

When the company received the mortgages, it sent the plaintiff in error a draft, in amount $24.90, to pay the commission for effecting the $2,000 loan. The total of this commission was $30. The company claimed it had been forced by the plaintiff's retention of the mortgage to incur the expense of sending C. M. Cowan from York to Seward, $2.85, and also to procure certified copies of the mortgages. This last was done by Cowan when in Seward on June 8, 1892, and cost $2.25,—total expense, $5.10, which deducted from the whole commission, $30, there remained $24.90, the amount sent to plaintiff by draft after the company received the mortgages. The main issuable fact, and placed in litigation by the pleadings, was whether or not the plaintiff's commission on a loan became due before the recorded mortgage in each instance was forwarded to and received by the company. The company contended that it did not; the plaintiff, to

the contrary, or that when the note or bond and abstract of title in any loan had been executed and returned to the company, the commission for making the loan was due. On the determination of this fact depended the other questions in the case. The evidence on this point was conflicting, and, to reach the conclusion it did, the trial court must have decided it in favor of the defendant in error; and after a careful review of the evidence, we cannot say the finding was manifestly wrong, hence it will not be disturbed. (*Scroggin v. Johnston*, 45 Neb., 714.)

This action was commenced on the 8th day of June, and the mortgages were not received by the company until the 10th, and as the commission was not due, according to the finding of the trial court, until the reception of the mortgages by the company, the plaintiff had no cause of action when this suit was instituted. This being true, the judgment of the district court was right and must be

AFFIRMED.

NORVAL, J., not sitting.