HENRY BLOHME, APPELLANT, v. HEINZ BLOHME ET AL., APPELLEES.

89 N. W. 2d 127

Filed April 4, 1958. No. 34270.

*B. W. Stewart* and *Ernest A. Hubka,* for appellant.

*Arthur J. Denney* and *Robert V. Denney,* for appellees.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

YEAGER, J.

This action as originally instituted was by Henry Blohme, plaintiff and appellant, against Heinz Blohme, also known as Henry Blohme, and Sophia Blohme, his wife, defendants, and certain other nominal defendants, who require no further mention herein. Before the case was tried the defendant Heinz Blohme, also known as Henry Blohme, died. As to this defendant the action was revived in the name of Sophia Blohme, executrix, and the proceedings were thereafter conducted in her name as executrix and in her name in her personal capacity as defendants. She is appellee herein in these two capacities.

The case was tried on a second amended petition wherein the plaintiff claimed that he was the owner of the northeast quarter of Section 35, Township 1 North, Range 4 East of the 6th P.M., in Jefferson County, Nebraska, and that he was entitled to have title thereto quieted in him against the defendants and anyone claiming under them. This claim was denied by the defendants. The case was tried to the court and at the conclusion of the evidence of the plaintiff the defendants moved for a dismissal of plaintiff's action for the reason that the plaintiff had failed to prove prima facie the cause of action pleaded. The motion was sustained and the action was dismissed. The plaintiff duly filed a motion for new trial which motion was overruled. From the judgment dismissing the action and the order overruling the motion for new trial the plaintiff has appealed.

Some important incidents in the background of this action, not in dispute, are that on and prior to July 15, 1937, the defendant Heinz Blohme, also known as

Henry Blohme, and Elise Blohme were husband and wife; the plaintiff is their son and on July 19, 1937, he was of the age of 9 years; on July 19, 1937, a warranty deed was executed by Harriet E. Roberts and Robert E. Roberts, wife and husband, conveying this land to Henry Blohme; this deed was recorded on February 26, 1938; on October 11, 1943, Elise Blohme was granted a divorce from Heinz Blohme, also known as Henry Blohme, who will be hereinafter referred to as Henry Blohme; thereafter Henry Blohme was married to Sophia Blohme who was his wife at the time of his death; and on January 31, 1955, Henry Blohme and Sophia Blohme transferred this land to one Ann Leonard by deed, whereupon Ann Leonard transferred it by deed to Henry Blohme and Sophia Blohme in joint tenancy.

The true contention of the plaintiff by his pleaded cause of action is that these two deeds are void and of no effect for the reason that he had full title and right to the land by the deed of July 19, 1937, which was in fact a deed to him, and not to his father, under an oral agreement entered into by Elise Blohme, Henry Blohme, and the plaintiff on or about July 15, 1937. Particularly he declared in his petition that on or about July 15, 1937, the plaintiff, Henry Blohme, and Elise Blohme entered into an oral agreement whereby this real estate was to be purchased with the combined funds of Henry Blohme and Elise Blohme, together with the combined labor and assistance of the plaintiff, Henry Blohme, and Elise Blohme in the operation of the farm, with title to be taken and to vest in the name of the plaintiff, with possession to be in Henry Blohme and that he should have the fruits and benefits thereof so long as he continued to live on and operate and manage the land and when he ceased to operate the land his use and possession should terminate. The defendants have by their pleadings denied this contention.

The only competent evidence in the record tending directly to prove the oral contract alleged is found in

the testimony of the plaintiff. This testimony was of his recollection of a conversation between his father and mother which purportedly took place in the home of Elise Blohme in July 1937. That testimony with the questions by which it was elicited is as follows: "Q. * * * What did your mother say and what did your father say? * * * A. My father said he wanted the money to pay down on the farm. * * * And my mother told him, 'no; don't you have any money of your own?' My father said he was broke, he only had his return ticket to New York. My mother said, 'I am not going to loan you any money. You don't know how to handle your money. You have been a bankrupt and you haven't paid me back the money "loaned" from me there in the store.' * * * Q. Yes. A. She said, 'You can't own any land anyway; you're not a citizen; and before I put the farm in your name I'll put it in my own.' My father said, 'All right, then; put it in your boy's name, then, like you wanted to do.' Q. And what did your mother say? A. My mother said, 'All right, we'll put it in the boy's name.' Q. Was there any other conversation? A. Yes. Q. All right. Relate the conversation. A. My father said, 'I'm going back to New York;' and he said, 'That's right, I'm not a citizen; I can't own any land'; and my mother said, 'You couldn't'—this is referring back—* * *. He said this was to be in my name—this was to be in my name to protect the farm; that it can't be lost; and she said to my father that 'you can live on there whenever you feel that you want to farm,' and he didn't want the farm at present. * * * Q. Well, now, just a minute. Was that—was there any more conversation? A. Yes. Q. Just tell the court what your mother said or what your father said, or with reference to this conversation? A. My mother said that all of proceedings of the farm, it was supposed to pay for itself, and that anything that she gave or was given was to go for the farm for me. Q. Was there anything else in this conversation that you overheard? A. No."

There was testimony of Elise Blohme, to which sufficient objection was made, which if considered could be regarded as being in proof of the oral agreement alleged. This testimony was clearly inadmissible since it related to a transaction or transactions between Henry Blohme and Elise Blohme while they were husband and wife which testimony would have the effect of being antagonistic to the rights of the husband. See, Lihs v. Lihs, 44 Neb. 143, 62 N. W. 457; Buckingham v. Roar, 45 Neb. 244, 63 N. W. 398; Scroggin v. Johnston, 45 Neb. 714, 64 N. W. 236; Stenger Benevolent Assn. v. Stenger, 54 Neb. 427, 74 N. W. 846; Bank of Cedar Bluffs v. LeGrand, 127 Neb. 183, 254 N. W. 892; § 25-1203, R. R. S. 1943.

There is testimony of other witnesses in the record as to purported admissions against interest of Henry Blohme, which has value only if there is evidence prima facie sufficient to establish the existence of the alleged oral agreement. It will be referred to specifically in the event that the conclusion is reached that this prima facie sufficiency has been established.

The rule as to whether or not a prima facie case has been made in an action to quiet title to real estate based on an oral contract is the same as the rule in actions for specific performance of an oral contract for the conveyance of real estate. This is made clear in Garner v. McCrea, 147 Neb. 541, 23 N. W. 2d 731. The rule is stated in Anderson v. Anderson, 150 Neb. 879, 36 N. W. 2d 287, as follows: "Before a court of equity may decree specific performance, on the basis of performance, of an oral contract for the conveyance of real estate declared void by the statute of frauds the party seeking specific performance must prove an oral contract the terms of which are clear, satisfactory, and unequivocal, and also part performance, and that the acts done in performance were referable solely to the contract sought to be enforced, and not such as might be referable to some other or different contract, and further that non-

performance by the other party would amount to a fraud upon the party seeking specific performance."

The testimony which had been referred to as to the existence of the alleged oral agreement fails to satisfy the requirements of this rule. The following are instances of this failure. The terms are not clear and unequivocal. The estate which it was contemplated that plaintiff should take, if any, is not defined. It could be said as readily that title was to be taken by plaintiff to hold for Henry Blohme or Henry Blohme and Elise Blohme, as that he was to take a fee simple title. The conditions of purchase and payment were not made clear. The matter of use and occupancy rests in uncertainty. In addition to all of these there has been no competent evidence that the plaintiff was the person named or intended to be named in the deed. The evidence of the plaintiff and all of the reasonable inferences to be drawn therefrom are to the contrary.

The grantee named in the deed from the Robertses was Henry Blohme. On September 20, 1940, Henry Blohme and Elise Blohme executed a mortgage on this land in favor of the Bankers Life Insurance Company of Nebraska in which they declared that title was in them, and in the mortgage they covenanted to warrant and defend the title.

On September 2, 1942, they executed a like mortgage on this land in favor of the Phoenix Mutual Life Insurance Company. This mortgage also contained a covenant of warranty of title.

On July 3, 1943, Elise Blohme filed a petition for divorce from Henry Blohme, in which petition he was so named, in Gage County, Nebraska. In that petition she alleged that her husband "has a farm in Jefferson County, in which he has an equity of $5,000.00; * * *."

On October 11, 1943, Elise Blohme signed a stipulation which was filed in the proceeding for divorce in which she agreed that in case a divorce was granted she would

release her husband from any interest which she had in his real or personal property.

This is the evidence of the plaintiff and it is the only competent evidence of the identity of the grantee in the deed from the Robertses. Certainly in the light of all this it may not well be said that the evidence of the plaintiff satisfies the requirements of the rule stated with regard to the sufficiency of evidence to sustain an action for specific performance of an oral agreement for the conveyance of real estate.

It is true that there is evidence that both before and after the deed was executed and delivered the plaintiff was at times referred to as Henry Blohme, although his true name was Henry William Blohme, but none of this was related in any manner to the execution of the deed.

It necessarily follows that if this case is to turn upon whether or not the evidence was sufficient prima facie to prove the contract alleged then the motion to dismiss was, under the rule hereinbefore stated, properly sustained. See, Paul v. McGahan, 152 Neb. 578, 42 N. W. 2d 172; Inslee v. City of Bridgeport, 153 Neb. 559, 45 N. W. 2d 590.

The plaintiff urges however that even if the evidence is insufficient upon which to base a decree quieting title in him, still it is sufficient upon which to declare a trust. The theory of this contention however has not been made clear, but whatever it may be it finds no basis in law. It is well settled that an oral agreement to create a trust in land is not enforceable in a court of equity.

In Anderson v. Anderson, *supra,* it was said: "Where an attempt is made to enforce an oral promise the purpose of which is to establish an interest in land the attempt is to establish an oral trust in real estate and it must fail, since such a promise is void under the statute of frauds." See, also, Pollard v. McKenney, 69 Neb. 742, 96 N. W. 679; Norton v. Brink, on rehearing, 75 Neb. 575, 110 N. W. 669, 121 Am. S. R. 822.

The conclusion reached is that the motion to dismiss

the action was properly sustained, therefore the judgment of the district court is affirmed.

AFFIRMED.

MESSMORE, J., not participating.