HENRY BLOHME, APPELLANT, V. HEINZ BLOHME ET AL.,
APPELLEES.

91 N. W. 2d 30

Filed June 27, 1958.   No. 34270.

*B. W. Stewart* and *Ernest A. Hubka,* for appellant.

*Arthur J. Denney* and *Robert V. Denney,* for appellees.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

WENKE, J., concurring.

Although I am of the opinion that in certain respects, as herein set forth, our opinion comes to an incorrect holding, I am, however, for the reasons hereinafter set forth, of the opinion that the conclusion arrived at therein is correct and for that reason concur with the court in overruling appellant's motion for rehearing.

In this motion for rehearing appellant contends we erred in holding the testimony of Elise Blohme, as to conversations she had with her deceased husband, was inadmissible. In the opinion we held: "There was testimony of Elise Blohme, to which sufficient objec-

tion was made, which if considered could be regarded as being in proof of the oral agreement alleged. This testimony was clearly inadmissible since it related to a transaction or transactions between Henry Blohme and Elise Blohme while they were husband and wife which testimony would have the effect of being antagonistic to the rights of the husband." Blohme v. Blohme, 166 Neb. 369, 89 N. W. 2d 127. We primarily based our holding therein on section 25-1203, R. R. S. 1943, which provides, insofar as here material, that: "A husband or wife can in no case be a witness against the other, * * *." Sections 25-1201 and 25-1204, R. R. S. 1943, also deal with the same subject matter. While these statutes contain many exceptions none of them relate directly to the situation before us.

However, appellant contends the admission thereof was proper, based on the fact that such conversations were had in the presence of third persons, including Elise Blohme's sister Freda Steffins. While this court has apparently never dealt directly with the question thus presented, however, it has dealt with the purpose for which these statutes were enacted. See Stocker v. Stocker, 112 Neb. 565, 199 N. W. 849, 36 A. L. R. 1063. Many state courts have dealt therewith under statutes that are similar or comparable to our own. These courts have generally come to the conclusion that a conversation, communication, or transaction between husband and wife, knowingly had or made in the presence and hearing of a third person, is not privileged. See, 58 Am. Jur., Witnesses, § 381, p. 223; 97 C. J. S., Witnesses, § 271, p. 777; Ann. Cas. 1916B 602; Preston v. Preston, 205 Mich. 646, 172 N. W. 371; Tanzola v. De Rita, 45 Cal. 2d 1, 285 P. 2d 897; Lyon v. Prouty, 154 Mass. 488, 28 N. E. 908. As stated in 58 Am. Jur., Witnesses, § 381, p. 223: "According * * * to the great weight of authority, a conversation, communication, or transaction between husband and wife, or a statement made by one to the other, in the presence

of or overheard by a third person is not within the protection of the privileged communications rule. As has been said, it is not perceived how a communication between one spouse and a third party can be called a communication between husband and wife by reason of the fact that the other spouse overheard it. By making the communication in the presence of others the husband and wife indicate in the most unambiguous manner that they do not regard it as confidential and do not intend that it be so. It is therefore the general rule that one spouse may testify as to a communication to the other in the presence of a third person, * * *."

We have come to the same conclusion as it applies to communications between attorney and client. See Short v. Kleppinger, 163 Neb. 729, 81 N. W. 2d 182. As therein stated: "Communications between attorney and client made in the presence of others do not constitute privileged communications within the meaning of sections 25-1201 and 25-1206, R. R. S. 1943. It is only communications which are confidential that are protected." I think this same reasoning applies to the statutes covering communications between husband and wife. That such privilege can be waived see § 25-1207, R. R. S. 1943.

Therefore, under the circumstances disclosed by the record, I would withdraw from our original opinion the language hereinbefore quoted and substitute in place thereof the following: There was testimony of Elise Blohme, to which objection was made, which can be regarded as being in proof of the oral agreement alleged. This testimony was admissible, even though it was in relation to either a transaction or conversation had between Henry Blohme and Elise Blohme while they were husband and wife, because the evidence adduced shows it was knowingly made by them in the presence and hearing of third persons.

Even though this evidence was admissible I do not

think its admission would cause me to come to any different conclusion than that reached in our original opinion because Elise Blohme's testimony is so full of inconsistencies and discrepancies, plus the fact that it is contrary to her own conduct relating to the land involved subsequent to July 19, 1937, when it was purchased, and October 11, 1943, when she was divorced from Henry Blohme who is now deceased, that it is unworthy of belief.